JOHN E. BOYER, Appellant, v. THOMAS BOLAND, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

CLARA BREEDVELD, as Administratrix, etc., of WILLIAM BREEDVELD, Deceased, Respondent, v. A. L. HARTRIDGE COMPANY, INC., Appellant, and Others, Defendants; Impleaded with BARTHOLOMEW BUILDING CORPORATION, INC., Appellant.— Judgment as amended *nunc pro tunc* by order dated July 25, 1932, and order denying motion for a new trial reversed on the law and a new trial granted, costs to appellants to abide the event. In our opinion, the proofs failed to establish the negligence of the defendants and do show contributory negligence on the part of the decedent. Kapper, Scudder and Tompkins, JJ., concur; Lazansky, P. J., and Young, J., dissent and vote to affirm.

CONSERVATIVE GAS CORPORATION, Respondent, v. GUSTAVE H. SWANSON, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

EPH. FLEISHER, Appellant, v. ABE WISKIND, Respondent.— Judgment of the City Court of Mount Vernon and order denying motion for a new trial unanimously affirmed, with costs. It is unnecessary to decide the conclusiveness of the written memorandum involved. The plaintiff, without objection or exception, gave testimony that the jewelry in question was delivered to the defendant to sell to whomsoever he pleased and on any terms that defendant sought to obtain upon a sale. The practical construction given by the plaintiff to the memorandum was, therefore, that of a sale and not of a bailment. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.